WILLIAM V. MORSE ET AL., APPELLANTS v. JOHN RABEN ET AL., APPELLEES.

[FILED JUNE 27, 1889.]

ICreditor's Bill: HUSBAND AND WIFE. In an action in the nature of a creditor's bill, to set aside a deed made to the wife of a judgment debtor, by the vendor of real estate, in order that the real estate might be applied to the payment of the plaintiffs' judgment, there was sufficient evidence presented to the trial court to sustain the finding that the husband, while in a prosperous financial condition, caused to be conveyed to his wife one hundred and sixty acres of land in the county of B., which conveyance was made in the year 1883. In the year 1886 it appears that the wife sold the real estate, realizing by such sale a large increase upon the amount invested at the time of the purchase; that she permitted the husband to take the money received from the sale and apply it to the payment of the indebtedness of a partnership of which the husband was a member; that soon after the partnership failed and became insolvent, when the husband repaid to his wife out of the partnership assets the money which he had received from her, and which had been devoted to the use of the partnership; that with this money, by direction of the wife, the husband purchased the real estate in controversy, and that they had borrowed a large sum of money upon the real estate, which, together with the money received from the husband, was applied to the construction of the house thereon, rendering the

10

property valuable; that the money expended in purchasing the property and in constructing the building thereon was equal to the amount borrowed upon the credit of the property added to the amount formerly loaned by the husband to the wife. In such case the decree of the district court dismissing the creditor's bill was affirmed.

APPEAL from the district court of Hall county. Heard below before TIFFANY, J.

*C. B. Kellar, W. R. Bacon,* and *A. C. Wakely,* for appellants, cited: Schouler on Husband and Wife, sec. 149; *Shaeffer v. Shepard,* 54 Ala., 244; *Reynolds v. Robinson,* 64 (N. Y.), 589; *Coleman v. Burr,* 25 Hun. (N. Y.), 239; *Bond v. Bunting,* 78 Pa. St., 210; *Payne v. Powell,* 5 Bush (Ky.), 248; Parsons on Contracts, 34–5.

*J. H. Smith,* for appellee, cited: *Arndt v. Harshaw,* 10 N. W. Rep., 390; *Feller v. Alden,* 23 Wis., 301; *Daylon v. Walsh,* 47 Id., 113.

REESE, CH. J.

This action was instituted in the district court of Hall county for the purpose of subjecting the middle $\frac{1}{3}$ of lot 3 in block 80, in the city of Grand Island, to the payment of a judgment held by plaintiff against defendant, John Raben, and one F. J. Engle. A trial was had in the district court which resulted in a general finding and decree in favor of defendant. Plaintiff appeals to this court. The question presented is one of fact alone. It is shown by the record, substantially, that in the early part of 1885, and prior thereto, defendant John Raben was in a good financial condition, worth in real estate and personal property from twenty to thirty thousand dollars. That year, from some cause not fully explained, but attributed to a shrinkage in values of such goods as are usually kept in a general store, and in which business he was engaged at that time, he be-

came embarrassed, and finally insolvent. F. J. Engle was in partnership with him at the time that plaintiff's debts were contracted. On the 5th day of January, 1886, plaintiff recovered a judgment in the county court of Hamilton county against Raben & Engle for the sum of five hundred and fifty-two dollars and ninety-four cents damages, and three dollars and seventy-five cents costs of suit. A transcript thereof was soon thereafter filed with the clerk of the district court of said county and entered upon the judgment record of the district court. On the 19th day of July, 1887, a transcript of the judgment of the district court was filed in the office of the clerk of the district court of Hall county. Upon the same day execution was issued thereon to the sheriff of Hall county, and on the 20th the sheriff returned the execution unsatisfied, stating in such return that after diligent search he had been unable to find any goods or chattels, land or tenements, whereon to levy, and had returned said execution after levying it upon the property involved in this action.

It was alleged in the petition that during the year 1886 the defendant, John Raben, purchased the lots in controversy from John Wallichs, and being insolvent and there being judgments against him unsatisfied to the amount of about eight thousand dollars, in Hamilton county, at the time of the purchase, he caused the legal title to be taken in the name of his wife, Alvina Raben; that the property was purchased by John Raben, one of the firm of Engle & Co., and of which he was a member at the time of the contracting of the debt, and that the title to the property was taken in the name of defendant Alvina for the purpose of defrauding the creditors of the said John Raben, and of Engle & Co.

All allegations of fraud were denied in the answer, and it was alleged that the real estate in question was the individual property of Alvina Raben, the same having been purchased with money which belonged to her separate estate.

On the 19th day of January, 1883, and while John Raben was financially solvent and prosperous, he purchased of William Graves the southwest quarter of section twenty-four, township fifteen, range three, for the consideration of $250, subject to a mortgage, the amount of which does not clearly appear from the record. This land is in Butler county, and is situated but a short distance east of David City; and it is claimed by defendant that the purchase was made with the money of Raben's wife which he, prior to that time, had given her. On the 29th day of March, 1886, Alvina Raben sold the land to one Ansen Virgl for the consideration of $1,300, subject to the mortgage referred to. It is claimed that the proceeds of the land belonging to Mrs. Raben were given to defendant, John Raben, or rather loaned to him, and by him used in the payment of a part of the debts of the firm of Engle & Co. prior to the purchase of the lots involved in this action. On the 6th day of June, 1886, John Raben, accompanied by his wife, perhaps, went to the city of Grand Island and purchased of Wallichs the lots in question, taking a contract of purchase therefor in his own name. The purchase price was $1,400. He commenced the construction of a brick business house upon the ground about the 6th day of December, 1886. Being unable to finish the building, he applied to Wallichs for a loan to enable him to pay up the balance due upon the lots and to apply the residue to the completion of the building. The sum of $2,600 was loaned and for it Raben and his wife executed their promissory note and secured its payment by a mortgage on the premises. The money loaned belonged to defendant, Anna Egge, for whom Wallichs was acting as agent. From this twenty-six hundred dollars so loaned the purchase price of the lot was deducted and Wallichs executed his deed to Mrs. Raben. It is shown by the testimony of John Raben that the total cost of the house and lot was thirty-nine hundred and thirty-one dollars and

twenty-five cents. If this be true, the cost of the house and lot would be about equal the amount of money borrowed from Mrs. Egge and the thirteen hundred dollars realized from the sale of the real estate in Butler county, and from the reasoning presented by counsel for defendant there would seem to be no fraud in the transaction. But it is claimed that the evidence shows that a large amount of the material used in the construction of the house was purchased by defendant with means which properly belonged to the firm of Engle & Co., and that plaintiff, as a creditor of that firm, can follow it into this building and apply it to the payment of their judgment.

It is shown that about 6,800 bricks were purchased of Mr. Neihardt, of Aurora, and about eighty dollars' worth of iron from another party, and about three hundred and ten dollars' worth of lumber from Adam Hogue, a lumber dealer in Grand Island, which appears to have been paid for out of the partnership fund of Engle & Co., that is, out of funds which should have been placed to the credit of that firm. It is claimed, therefore, that the court erred in rendering its decree in favor of the defendant. It is a well established principle of equity that the partnership assets should be used first in payment of partnership debts, and that therefore partnership creditors have the right to look to such assets for the payment of their claims. But this rule is to be invoked by creditors generally, and cannot be claimed as the special right of plaintiff in this case to the exclusion of other creditors.

If, then, an amount of money, equal to or greater than the partnership assets applied to the construction of the house, had been taken from the money of Mrs. Raben upon a loan to her husband and applied to the payment of the partnership debts as testified to by him, it would of course not be inequitable to repay her out of the same fund, and of this creditors generally could not complain.

It therefore becomes necessary to enquire whether or not

the means of Mrs. Raben were applied to the construction of the house and to the purchase of the lot. If so, the decree of the district court was right, and should be affirmed.

Since Mrs. Raben became the owner of the real estate in Butler county, at a time when the solvency of her husband could not be questioned, and perhaps for value actually paid by her, although we do not think this a material matter, there is no doubt but that she could retain the money arising from the sale of that real estate; this would be thirteen hundred dollars. Raben testified that he borrowed this money from his wife, and that after he had used it he allowed her interest at the same rate which the indebtedness which was paid with her money was drawing.

Now, suppose this agreement was made between them, or suppose this course was pursued with her money, and that he afterwards repaid it out of the partnership funds, and with the same funds purchased the lot in question and constructed the house, we do not see that it could be questioned but that she would be entitled to the property, and that the creditors could not interfere. The same rule as to the finding of the district court, upon the evidence where it is conflicting, must be applied to this case as to any other.

By the finding of the district court, there being evidence to support it, we must assume that the course designated has been pursued by Mr. Raben in his transactions with his wife as with his other creditors. This being true, we cannot see but that the decree of the district court must be affirmed, as being sustained by sufficient evidence, and in accordance with the theory of the case presented by defendant.

We confess that to us this holding is not in entire accordance with the way in which we view the evidence which was submitted to the trial court. But the rule is a salutary one, that where the trial court sees the witnesses, hears them testify, observes their manner and demeanor upon the

witness stand, becomes more familiar with the surrounding circumstances than is possible for an appellate court to do by inspecting the record, its finding will not be molested unless clearly wrong.   The rule to be applied is generally in furtherance of justice and one that should be observed.

The decree of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

The other Judges concur.